XAVIER GUITTARD ET AL., APPELLEES, V. W. F. ROB-
INSON ET AL., IMPLEADED WITH KING BROS, AP-
PELLANTS.

[FILED APRIL 29, 1890.]

1. **Assignment for Creditors:** OMISSIONS. One W. F. R., who
was engaged in the mercantile business, and being unable to pay
his debts, promptly assigned his property to J. E. R. and C. C.,
who signed his notes in favor of his creditors for about $3,000.
The assignment provided that J. E. R. and C. C., jointly with
a person to be named by the creditors, should "run and close
out said store and collect said notes and accounts to the best ad-
vantage for the benefit of my creditors," etc. (naming certain
persons). The testimony shows that the intention was to in-
clude all creditors of W. F. R. and the contract was accepted by
such as were known, but through mistake three were omitted.
On a petition being filed by one of the omitted creditors for a re-
ceiver and other relief, and all parties being before the court,
*held,* that all creditors, including those omitted in the convey-
ance of W. F. R. to J. E. R. and C. C., were entitled to be paid
in equal proportions.

2. ———. The question of the validity of the conveyance does not
arise in the case.

APPEAL from the district court for Gage county. Tried
below before BROADY, J.

*W. C. LeHane,* for appellants.

*Winter & Kauffman, Hazlett & Bates, R. W. Sabin, A.
H. Babcock,* for appellees.

MAXWELL, J.

On the 6th day of February, 1889, Wm. F. Robinson,
then being engaged in the mercantile business at Barnston,
in Gage county, and being indebted to various persons and
firms for goods, and being unable to pay the same,
promptly executed the following instrument:

"Know all men by these presents, that I, Wm. F. Robinson, of Barnston, Gage county, Nebraska, for and in consideration of the sum of one dollar to me in hand paid, the receipt whereof is hereby acknowledged, and the further consideration of J. E. Robinson and Charles Cruse have this day signed notes with me to secure certain indebtedness which I owe to my creditors to the amount of about $3,000 or thereabouts, I do hereby sell, assign, and transfer to the said J. E. Robinson and Charles Cruse all my right, title, and interest in and to the stock of goods I own in my store building in Barnston, Nebraska, and everything appertaining thereto, including the book accounts that I now own of every description, together with all notes and money obtained on accounts since February 4, 1889; *Provided, however*, This transfer and sale is made upon the following conditions : That I deliver over the possession of said stock, money, notes, and accounts to the said J. E. Robinson and Charles Cruse jointly, with T. J. LeHane, or some other man that my creditors may select to run and close out said store, collect said notes and accounts to the best advantage for the benefit of my creditors to which I have given notes this day, to-wit: Paxton & Gallagher ; W. V. Morse & Co. ; Englehart, Winning & Co.; Perry Hutchinson ; Z. T. Lindsay ; Weaver, Jones & Co.; P. Anderson ; Consolidated Tank Line Co.; Herman Bros.; C. M. Leighton ; Geist & Lubig; The Smith, Frazier Boot and Shoe Co.; Steele & Walker; Bush, Simmons & Co.; Donald Bros. ; Hingston, Peake & Co.; with the further proviso that as fast as said stock, accounts, and notes are reduced to money the same is to be placed in the Bank of Barnston to the credit of Robinson & Cruse, trustees for creditors, as above set forth, at the end of each day's sales or collections, to be held in such bank for the period of not to exceed thirty days, as the creditors may call for the same ; *And provided further*, That said money, the proceeds of said sales and collections, shall be applied

26

on the indebtedness of above named creditors *pro rata,* whether said indebtedness is due or not, and in case no other day is fixed by the creditors on which said money is to be applied on said notes, it shall be the 1st day of each month, commencing with March 1, 1889. I further authorize said Robinson & Cruse to conduct the business in their own name and to make such purchases of staple articles in their own name as may be necessary to keep the stock up so as to sell the rest of the stock. And I further stipulate that I, this day, make a deed of my lot and store building to said Robinson & Cruse, and by them held in trust for creditors, as in the case of the personal property aforesaid; *And provided further,* That such necessary running expenses required in the running of said business as aforesaid, shall be paid out of the proceeds of the sale, including clerk hire.

"Witness my hand this 6th day of February, A. D. 1889.                              W. F. ROBINSON.

"In presence of
      "R. W. SABIN."

This was duly acknowledged and the persons named in the instrument, in name at least, took possession. The testimony shows that the design of all the parties to the contract was to include all the creditors of Wm. F. Robinson, and the attorneys for the creditors, so far as they are named in the instrument and were known, accepted the conditions named. Mr. Robinson's books, however, do not seem to have been kept fully posted and it was soon afterwards discovered that debts due the plaintiffs Raymond Bros. and King Bros. had been omitted. The person placed by the creditors in the store testifies that W. F. Robinson was left in possession of the store and that he (Robinson) kept no account of the sales made from day to day, and hence that he could not do so.

The plaintiffs filed their petition setting up the above and other facts and asking for a receiver and other relief,

whereupon a receiver was appointed and gave a bond, which
was duly approved.

On the trial of the cause the court rendered a decree
as follows: "And now, on this 25th day of July, A. D.
1889, this cause came on for hearing on the petition of
plaintiffs, the answer and cross-petition of the defendants,
and the replies to said answers, and on consideration whereof
the court finds generally for the plaintiffs; that the trus-
tees J. E. Robinson and Charles Cruse, in the trust con-
tract referred to in the petition, have a vested interest in
the execution of the said trust upon a good consideration;
that George R. Scott, the receiver heretofore appointed in
this case, should execute said trust contract in the stead of
said trustees, and that if there are any assets remaining after
carrying out the conditions of said trust deed, that he should
apply the same in payment of the plaintiffs' judgment, and
if anything then remain he apply the same in satisfaction
of the garnishments against him of the defendants King
Bros. and Raymond Bros. & Co.; and the court further finds
that the said receiver should pay first out of the assets in
his hands the costs of this action; to all of which findings the
defendants Raymond Bros. & Co. and King Bros. except.

" It is therefore ordered and decreed by the court that
George R. Scott, the receiver heretofore appointed in this
case, execute and carry out the trust contract entered
into between the defendants W. F. Robinson, J. E. Rob-
inson, and Charles Cruse, mentioned in plaintiffs' petition,
and that if there are any assets remaining in his hands
after carrying out the provisions of said trust contract, that
he apply the same in payment of plaintiffs' judgment, and
that if anything then remain that he apply such balance
in satisfaction of the garnishments to King Bros. and
Raymond Bros. & Co., against him.   That the receiver
pay first out of the assets in his hand the costs of this ac-
tion, taxed at $——."

The only question presented is as to the distribution of

the proceeds of the sales. The sale of the goods by W. F. Robinson to J. E. Robinson and Charles Cruse would have been of questionable validity if attacked by the creditors, but they having accepted its benefits, the question of fraud does not arise in the case.

The sale is clearly shown to have been for the benefit of all creditors and, so far as appears, no debt is entitled to preference over another. An equal distribution will therefore be made as to all.

The proceeds of the sale will therefore be applied in equal proportions upon all the debts of said W. F. Robinson, including those in favor of the plaintiffs Raymond Bros. & Co. and King Bros., and as thus modified the judgment is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.